CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 11, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEE MALVO, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00535 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD CLARKE, DIRECTOR, et al., ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Lee Malvo, a Virginia inmate proceeding *pro se*, previously filed this civil rights action against the defendants herein under 42 U.S.C. § 1983, alleging retaliation and deliberate indifference towards inmate safety at Red Onion State Penitentiary. Now pending before the court is his request for an emergency injunction (ECF No. 44) ordering his transfer from protective custody at Keen Mountain to protective custody at Hanesville Correctional Center.

In his request for an emergency injunction, Malvo explains that the protective custody unit was moved from Red Onion to Keen Mountain months after this lawsuit was filed. He alleges that retaliation and deliberate indifference to inmate safety has continued at Keen Mountain. In particular, white supremacist gang members have been recently allowed into the protective custody (PC) unit. The leader, Joshua Parker, has assaulted inmates on the unit in their cells, and on July 22, 2025, Parker announced to the pod, "If you are not white, then you do not matter. Everyone else is fair game." Malvo states that he has expressed his concerns to the assistant warden at Keen Mountain and to the Chief of Housing, but that staff has "not only turned a blind eye but . . . encouraged the environment for assault and predation by the gang members they have placed in PC."

These allegations are serious and if true, should be properly pursued against the appropriate defendants. However, the defendants from Red Onion are not responsible for the

behavior of officials at Keen Mountain, and however similar the behavior, the incidents at Keen Mountain are not related to the incidents at Red Onion which are the subject of this suit. Injunctive relief is not appropriate in *this suit* when the harm complained of is unrelated to the incidents alleged in the Complaint. *Omega World Travel*, 111 F.3d at 16. Further, the court may not grant injunctive relief against individuals over whom it does not have jurisdiction because they are not parties to this case. *See* FED. R. CIV. P. 65(d)(2).

To expedite consideration of this potentially volatile situation, the court will direct the Clerk to open a new file against S. Owens and L. Fields. This is a conditional filing, pending upon Malvo's completion of a proper Amended Complaint within 30 days and is not a finding that Malvo's current allegations state any actionable § 1983 claim. A proper Amended Complaint must identify all individuals that Malvo contends have personally engaged in conduct that violates his constitutional rights as discussed in the motion for emergency injunction. Malvo must bear in mind that liability under 42 U.S.C. is personal, based upon each defendant's own conduct. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). *Respondeat superior*, the concept of being liable for the actions of someone who works for you, does not apply in § 1983 cases; supervisory personnel are liable only for their own constitutional violations. *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023). The Amended Complaint must state concisely the specific actions of each defendant named that violated his constitutional rights. To proceed with the new civil action, Malvo also must pay the filing costs for the case within 30 days or provide the necessary paperwork to qualify to pay the filing fee through installments from his inmate trust account, pursuant to 28 U.S.C. § 1915(b).

An appropriate order will be entered this day.

                    Enter: September 10, 2025

                    /s/ Robert S. Ballou

                    Robert S. Ballou
                    United States District Judge