CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 11, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEE MALVO, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00535 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD CLARKE, DIRECTOR, et al., ) | By:  Robert S. Ballou |
|     Defendants. ) | United States District Judge |

    Lee Malvo, a Virginia inmate proceeding *pro se*, previously filed this civil rights action against the defendants herein under 42 U.S.C. § 1983, alleging retaliation and deliberate indifference towards inmate safety at Red Onion State Penitentiary.  Now pending before the court is his request for a preliminary injunction ordering officials at Keen Mountain Correctional Center to allow him access to the law library (ECF No. 42).  For the reasons stated below, I must deny the motion.

    Malvo alleges that officials at Keen Mountain Correctional Center have systematically denied him (and other inmates) access to the law library for over nine months, in violation of his constitutional rights.  His allegations, while concerning, are unrelated to the subject of this case, which involves alleged violations of Malvo's rights at Red Onion State Penitentiary, a different facility from the one in which he is currently incarcerated.  A preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).

Further, the defendants in this suit are (or previously were) employees at Red Onion,[1] not at Keen Mountain. The officials at Keen Mountain who have allegedly denied access to the law library are not before this court, and the court has no ability to bind non-parties to an injunctive order in this suit. *See* FED. R. CIV. P. 65(d)(2).

For the reasons stated, I will deny his motions for injunctive relief. An appropriate order will be entered this day.

Enter: September 10, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

---

[1] The one exception is Harold Clarke, former Director of the Virginia Dep't of Corrections. Allegations against Clarke in the original Complaint appear to be erroneously based on the tort doctrine of *respondeat superior*, which imposes liability on an employer for his employees' misconduct. That doctrine does not apply in constitutional litigation under § 1983. *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

2